PER CURIAM.
 

 Mr. Johnny Rosier appeals his judgment and sentence for possession of a firearm by a convicted felon. Mr. Rosier raises several issues on appeal; however, we address only one issue here. Mr. Rosier asserts that the trial judge erred by not conducting a competency hearing as required by Florida Rule of Criminal Procedure 3.210 after a prior judge appointed a medical expert to evaluate Mr. Rosier’s competency to proceed to trial. The state properly concedes error.
 
 See Cochran v. State,
 
 954 So.2d 1279, 1279 (Fla. 5th DCA
 
 *857
 
 2007). In relevant part, Florida Rule of Criminal Procedure 3.210(b) requires,
 

 If, at any material stage of a criminal proceeding, the court of its own motion, or on motion of counsel for the defendant or for the state, has reasonable ground to believe that the defendant is not mentally competent to proceed, the court shall immediately enter its order setting a time for a hearing to determine the defendant’s mental condition, which shall be held no later than 20 days after the date of the filing of the motion....
 

 Here, the original trial judge ordered a medical expert to evaluate Mr. Rosier’s competency to proceed to trial after conducting the following colloquy with Mr. Rosier:
 

 THE COURT: You had a stroke, right?
 

 MR. ROSIER: Left side, yes, sir.
 

 THE COURT: Left side stroke. I think I need to send you to a doctor, all right? And I think that’s what I’m going to do. I’m going to send you to go see a doctor....
 

 [[Image here]]
 

 THE COURT: Go to the doctor. I’m not going to give you a new lawyer. You’re not going to get a better lawyer than that one over there. So I’m going to send you to a doctor. Ms. McMullen, would you submit me an order?
 

 DEFENSE COUNSEL: Yes. The doctor that we requested was Doctor D[’E]errico.
 

 THE COURT: Perfect. That will be so ordered and we’ll get the order. You go see this doctor and remember I’m the guy who let you out and trust me that I’m trying to follow the law. Okay, Mr. Rosier?
 

 THE DEFENDANT: Yes, sir. But you’re sending me to a doctor, I don’t trust every — I done already had a stroke on my left side and sending me to a doctor that I’m not aware of—
 

 THE COURT: The doctor’s not going to do anything to you. He’s going to—
 

 MR. ROSIER: I don’t trust people.
 

 THE COURT: Well, you don’t have to trust him. He’s not going to do anything to you. He’s not going give you any medicine or cut on you or anything like that. He’s going to tell me about you is what he’s going to do. That’s all he’s going to do. All right?
 

 MR. ROSIER: To test my competency.
 

 THE COURT: Exactly. That’s exactly right.
 

 Based upon the colloquy, the court recognized that Mr. Rosier’s competency to proceed to trial was in question; therefore, a competency hearing was required under Florida Rule of Criminal Procedure 3.210(b). Accordingly, we reverse Mr. Rosier’s conviction and sentence, and we remand to the trial court to hold a competency hearing, and once Mr. Rosier is found competent to proceed, to conduct a new trial.
 
 See Cochran,
 
 954 So.2d at 1279.
 

 HAWKES, C.J., WETHERELL, and ROWE, JJ., concur.